108 F.3d 1369
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
In re CITY OF NEW YORK, A municipal Corporation, Petitioner.
CITY OF NEW YORK, A municipal corporation, and Joseph
Heavey, Officer, Petitioner,
v.
James PEARSON and Catherine Pearson, Respondents.
 No. 97-3016.
 United States Court of Appeals, Second Circuit.
 March 24, 1997.
 
 Appearing for Petitioner: Elizabeth I. Freedman, Assistant Corporation Counsel, City of New York, New York, New York.
 Appearing for Respondent: Robert L. Herbst, Herbst & Greenwald, New York, New York.
 Present Honorable FEINBERG, CARDAMONE and WINTER, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 Petition for a writ of mandamus to the United States District Court for the Southern District of New York (Martin, Judge).
 
 
 2
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and a motion for a stay pending decision was argued.
 
 
 3
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the case is remanded to the District Court.
 
 
 4
 The City of New York petitions for a writ of mandamus directing Judge Martin to vacate three orders, entered on January 22, 1997, February 3, 1997, and March 10, 1997, which directed the City to produce defendant police officer Joseph Heavey's social security number to the plaintiffs in Pearson v. Heavey, 96 Civ. 3863(JSM). The City also moves for a stay of the orders pending our decision.
 
 
 5
 We remand to the district court for Judge Martin to state his reasons for directing the City to produce Heavey's social security number. Judge Martin has discretion to allow supplementation of the record as he deems appropriate and may consider protective measures designed to address concerns raised by petitioner. The mandate shall issue forthwith and shall state that the parties shall inform the clerk of this court when the district court issues its decision on remand. Jurisdiction will then be automatically restored to this court. See United States v. Jacobson, 15 F.3d 19, 21-22 (2d Cir.1994). After jurisdiction is restored, the clerk shall set an expedited briefing schedule, and the matter will then be heard by this panel on the briefs.
 
 
 6
 The matter is remanded and the orders to produce the officer's social security number are stayed until further order of this court.